IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARREN BRAD WEST,<br><br>　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Civil No. 2:10-CV-0076-BSJ<br><br>**MEMORANDUM OPINION<br>& ORDER RE: PENDING MOTIONS**<br><br>**FILED**<br>CLERK, U.S. DISTRICT COURT<br>April 29, 2011 (11:07am)<br>DISTRICT OF UTAH |

**Procedural History**

On or about June 8, 2005, petitioner Darren Brad West was indicted on two drug-related charges. Count I was for "knowingly and intentionally possess[ing] a list I chemical, phosphorus, knowing or having reason to believe that it will be used to manufacture methamphetamine," while Count II was for "knowingly and intentionally possess[ing] a list II chemical, iodine, knowing or having reason to believe that it will be used to manufacture methamphetamine."[1] West pled guilty, and on August 22, 2006 was sentenced to 108 months' imprisonment, followed by 36 months of supervised release.[2]

Petitioner appealed to the Tenth Circuit, arguing that (1) the district court erred in using U.S.S.G. § 2D1.1(c)(2) instead of § 2D1.11 to set his offense level, and (2) that the district court erred in determining the amount of actual methamphetamine that could have been produced from

---

[1] (*See* Indictment, filed August 17, 2005 (dkt. no. 1), in *United States v. Darren Brad West*, Case No. 2:05-CR-616 PGC (D. Utah).)

[2] (*See* Judgment in a Criminal Case, filed August 24, 2006 (dkt. no. 42), in *United States v. Darren Brad West*, Case No. 2:05-CR-00616 PGC, at 6-7.)

the iodine. The Tenth Circuit found that the district court did not err with regards to either issue, and affirmed the judgment on March 6, 2008.[3] Mr. West then filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 with the district court, alleging ineffective assistance of counsel,[4] which was denied on April 16, 2009.[5]

On July 26, 2010, Mr. West filed a second motion to correct his sentence, ostensibly pursuant to 18 U.S.C. § 3582, but seeking relief concerning alleged sentencing error that may only be obtained in this court through a § 2255 proceeding.[6] Thus this court concluded that Mr. West's July 26, 2010 motion must be construed as a "second or successive motion" under § 2255.

Section 2255(h) requires that

> [a] second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that . . . would be sufficient to establish . . . that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

As the Tenth Circuit explained in *Cline v. United States*, 531 F.3d 1249 (10th Cir. 2008), "A

---

[3] *United States v. West*, 257 Fed. Appx. 76, 77-78, 80 (10th Cir. 2008).

[4] (*See Darren Brad West v. United States*, Case No. 2:09-CV-00181 DAK (D. Utah filed Feb. 27, 2009).)

[5] (*See* Order (dkt. no. 9), *Darren Brad West v. United States*, Case No. 2:09-CV-00181 DAK (D. Utah).)

[6] Section 2255(a) provides for filing of a motion by one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that *the sentence was in excess of the maximum authorized by law*, or is otherwise subject to collateral attack." (Emphasis added.)
Mr. West asserted that his sentence exceeds the lawful maximum. As this court has previously explained, in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a claim is, in substance, a successive habeas claim if it asserts or reasserts a substantive challenge to the validity of the conviction or sentence. *Id.* at 532. In this context, substance prevails over style. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion.")

district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *Id.* at 1251 (citing *Nelson*, 465 F.3d at 1148).

Mr. West furnished no such § 2244 certification by a panel of judges of the United States Court of Appeals for the Tenth Circuit authorizing him to proceed on his July 26, 2010 motion as a successive § 2255 motion.

In light of the requirements of § 2255(h) as construed in *Cline*, and the absence of the required § 2244 certification, this court dismissed Mr. West's motion for lack of jurisdiction. (*See* Memorandum Opinion & Order, filed November 16, 2010 (dkt. no. 8) ("November 16th Order").)

This court did not issue or deny Mr. West a certificate of appealability at the time the matter was dismissed[7] because it was dismissed for *lack of subject-matter jurisdiction*—without prejudice, in effect, because this court had no occasion to consider whether or not Mr. West's motion had "made a substantial showing of the denial of a constitutional right." Such a determination would be inextricably tied to the *merits* of Mr. West's claim—a claim whose merits this court had *no* authority to consider, much less decide.

Mr. West did not file a notice of appeal from the November 16th Order within the time provided by the applicable rule, namely 60 days after the order appealed from was entered. Fed. R. App. P. 4(a)(1)(B); *see* 16A Fed. Proc. L. Ed. *Habeas Corpus* § 567 (2007).

---

[7] Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As this court's dismissal of Mr. West's motion for lack of jurisdiction did not address the merits of Mr. West's constitutional claim, this court did not deem the dismissal to be "a final order adverse to the applicant" within the meaning of the Rule.

**The Pending Motions**

On April 4, 2011, Mr. West filed a document captioned as a "Notice of Appeal," giving notice (1) "of his decision to appeal this Court's April 16, 2009 affirmation of the sentence imposed relative to his 28 U.S.C. § 2255 collateral attack," and (2) of his intent to "seek a 'Certificate of Appealability' from the Court of Appeals for the Tenth Circuit to allow him to submit a successive § 2255 for reconsideration (including new grounds)."[8]

The first matter thus noticed is of no legal significance to this proceeding. As explained above, the referenced "April 16, 2009 affirmation of the sentence" was entered in Mr. West's first § 2255 proceeding, *Darren Brad West v. United States*, Case No. 2:09-CV-00181 DAK, which was heard and decided by Judge Kimball.[9] Mr. West's April 4th "Notice of Appeal" thus does *not* appeal from this court's November 16th Order dismissing this case.[10] If Mr. West wished to appeal from Judge Kimball's 2009 ruling, he should have obtained a Rule 11(a) certificate of appealability and filed a timely notice of appeal in the 2009 case.

---

[8]("Notice of Appeal," filed April 4, 2011 (dkt. no. 9).)

[9]*See* note 5 *supra* and accompanying text.

[10]Rule 3(c) of the Federal Rules of Appellate Procedure sets forth the requirements for a notice of appeal:

**(c) Contents of the Notice of Appeal.**

(1) The notice of appeal must:

(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, . . . .

(B) *designate the judgment, order, or part thereof being appealed*; and

(C) name the court to which the appeal is taken.

Fed. R. App. P. 3(c) (emphasis added).

The second matter thus noticed on April 4th may be of some moment *if and when* Mr. West seeks and actually obtains a § 2244 certification by the court of appeals permitting him to proceed with his successive § 2255 motion in this court. *See* 28 U.S.C. § 2255(h). To date, nothing in this record indicates that he has done so.

Mr. West's "Motion for Certificate of Appealability," filed April 4, 2011 (dkt. no. 10), refers to "the Court's Order and Judgment of September 8, 2010." There is no such order or judgment entered on or around that date in this proceeding. If Mr. West intended to refer to this court's November 16th Order, this court is in no better position today than it was on November 16, 2010 to evaluate whether Mr. West's claim had "made a substantial showing of the denial of a constitutional right" because the merits of his constitutional claim were *never before this court*.

That is what a "lack of jurisdiction" means.

Like his July 26, 2010 motion, Mr. West's April 4, 2011 motion for a certificate of appealability must be denied for lack of jurisdiction.

On April 22 and 26, 2011, Mr. West filed a request to proceed on appeal without prepayment of filing fees.[11] If Mr. West had filed a *timely* notice of appeal from this court's November 16th Order, there might be some fleeting glimpse of a justification[12] for taxing the now exhorbitant $455 appellate filing fee against his inmate account at the twenty-percent statutory rate for some if not most of the remaining months of his incarceration. *See* 28 U.S.C. § 1915(b)(1), (b)(2). But he did not file a timely notice—and indeed has filed *no* notice actually

---

[11]The April 26th filing appears to correct an omission from the April 22d version, so both are treated herein as a single application.

[12]Any rational justification for incurring the expense of even a timely appeal evaporates in the face of Mr. West's failure to satisfy the jurisdictional prerequisite for filing a successive § 2255 motion challenging his sentence: a § 2244 certification by a panel of the court of appeals.

appealing from this court's November 16th Order—and spending Mr. West's limited funds in this fashion would serve no useful purpose whatsoever. Mr. West's request for leave to proceed on appeal without prepayment of filing fees shall be denied.

In summary, Mr. West's pending motion and request are nothing more than procedural missteps that lead nowhere,[13] and in each instance they have been denied. If there is a next step in this matter, it is for Mr. West to do as his April 4th filing suggests: to seek and obtain a § 2244 certification by the court of appeals permitting him to pursue a successive § 2255 motion challenging the lawfulness of his sentence. Unless and until he does that, there is simply nothing for this court to do in this matter.

For the foregoing reasons,

**IT IS ORDERED** that Mr. West's Motion for Certificate of Appealability (dkt. no. 10), is hereby DENIED for lack of jurisdiction;

**IT IS FURTHER ORDERED** that his request to proceed on appeal without prepayment of fees (dkt. nos. 16, 17) is hereby DENIED.

DATED this 29 day of April, 2011.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge

---

[13]The fault for these missteps cannot be placed entirely on Mr. West, who now acts in this case without the aid of legal counsel. A defendant seeking federal post-conviction relief after a direct appeal now faces procedural requirements of seemingly labyrinthine complexity as he presses forward in search of a ruling on the merits of his claim. Not a "user-friendly" system, answers to key procedural questions are found scattered across various sections of the Judicial Code and at least three sets of federal court rules.